***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted January 7, 2022; general judgment reversed and remanded, supplemental judgment reversed March 15, 2023

Donald Scott UPHAM,
*Plaintiff-Respondent,*

*v.*

H. Dick COOK,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CV57547; A173454

Leslie M. Roberts, Judge.

Timothy R. Volpert argued the cause for appellant. Also on the brief was Tim Volpert, P.C.

No appearance for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

General judgment reversed and remanded; supplemental judgment reversed.

**SHORR, J.**

This case arises against an unfortunate background in which the parties and their counsel have been fighting for years solely over the form of a "stipulated" judgment and related costs. The unfortunate aspect of this litigation is that the parties' underlying dispute was resolved by settlement years ago and yet the litigation continues over those minor issues. Because we reverse the trial court's judgment, this matter will regrettably continue further on remand for entry of a revised judgment. However, our opinion should hopefully resolve any uncertainty as to the proper path towards resolving this litigation. As we will explain, we agree with defendant's first assignment of error that contends that the trial court erred in directing defendant to enter a stipulated judgment that provided plaintiff with the right to seek an award of costs against defendant. As a result, we also reverse the supplemental judgment in which the trial court awarded plaintiff an enhanced prevailing party fee.

The primary legal issue before us is whether the parties reached an agreement to enter a stipulated judgment in which plaintiff had a right to seek costs and disbursements. As we discuss below, the parties agreed to a judgment to resolve their litigation for $10,000, but did so without agreeing that plaintiff would receive an additional right to pursue costs on top of that amount.

We summarize the salient facts. Plaintiff Donald Upham is a former district attorney and now semi-retired private attorney. Plaintiff was retained by defendant Dick Cook to represent him both in a dissolution with Cook's then-wife as well as a dispute between Cook and a local golf club. Shortly before the dissolution matter was set to go to trial, defendant terminated plaintiff. Plaintiff then sued his former client in Washington County Circuit Court for over $14,000 in unpaid legal fees. Defendant initially counterclaimed and sought $100,000 against plaintiff for legal malpractice, but later dismissed that counterclaim. The Washington County matter was ultimately referred to arbitration. Before the arbitration hearing, however, the parties settled through email correspondence. The

settlement agreement provided that defendant would "allow entry of judgment" against himself for $10,000; that defendant would make payment to plaintiff in certified funds within 30 days, by December 30, 2018; and that defendant's counsel would prepare the judgment for entry. However, nearly three weeks later, defendant's then-counsel indicated that defendant "repudiates the settlement" and withdrew counsel's authority to prepare a judgment against defendant.

Plaintiff then immediately filed the lawsuit that underlies this appeal. Despite the ongoing litigation in the Washington County Circuit Court, plaintiff filed this second suit against defendant in Multnomah County Circuit Court. The complaint asserted one breach of contract claim, alleging that defendant had breached the settlement agreement to pay $10,000. Apparently deciding to perform on the repudiated settlement after all, defendant then reversed course and sent a cashier's check dated December 28 to plaintiff for $10,000, *which plaintiff cashed*. Although one would reasonably expect that to effectively bring the litigation to a close, it continued.

Plaintiff seemingly continued to pursue his claim for damages (even after receiving the settlement payment) and amended his complaint to add that "[t]he defendant should be required to prepare and file with the court a stipulated judgment." Defendant filed an answer that noted that defendant had paid the $10,000 settlement, asserted affirmative defenses, and sought sanctions, prevailing party fees, and attorney fees. The matter was then referred to arbitration. In arbitration, plaintiff contended that he still had a right to recover on his breach of contract claim because defendant had never filed a stipulated judgment in the Washington County case as agreed.

The arbitrator decided on summary judgment that plaintiff's claim for damages for breach of the settlement agreement was mooted and resolved by plaintiff's acceptance of defendant's settlement payment. The arbitrator also concluded that defendant had not breached the settlement agreement by not preparing a stipulated judgment of dismissal, because the parties had not agreed to a stipulated

judgment of dismissal. Instead, defendant agreed to "draft a stipulated confession of judgment for $10,000," or have a judgment of $10,000 entered against himself. The arbitrator further concluded that, even if the parties had agreed to a stipulated judgment of dismissal, such judgment was not a material term of the settlement agreement. The arbitrator observed that a judgment of dismissal would protect *defendant*, not plaintiff, in the Washington County case, such that any failure by the defendant to file one did not harm plaintiff.[1] In the meantime, just days after the arbitration award, a judgment of dismissal was entered by the court in the Washington County Circuit Court case, dismissing that case. Again, one might expect that those events would effectively resolve the parties' disagreement. However, plaintiff appealed the arbitration award to the Multnomah County Circuit Court, seeking a trial.

Plaintiff proceeded to trial before the court and argued in his trial brief that, despite the fact that he had been paid $10,000, defendant had "failed to prepare a stipulated judgment to complete his bargain" and that plaintiff was entitled to specific performance of "this material condition." Following a bench trial, the court ordered that defendant move to set aside the judgment of dismissal in the Washington County case and file a "stipulated judgment against [defendant] for $10,000 as requested. It can reflect that that money has now been paid."

After that trial court order, plaintiff submitted his proposed version of the required stipulated judgment. Plaintiff's proposed stipulated judgment provided that "[t]he plaintiff shall be entitled to a judgment for the costs and disbursements he incurred in [the Washington County Circuit Court] case." Defendant submitted a competing stipulated judgment of dismissal that provided that "this matter is dismissed with prejudice *without* an award of costs or attorney fees to either party." (Emphasis added.) Over defendant's objection and competing proposal, the trial court ordered

---

[1] As the reader may recall, defendant had dismissed his malpractice counterclaim against plaintiff in Washington County Circuit Court. The only remaining claim was plaintiff's claim for breach of the settlement agreement, which had been largely resolved.

that plaintiff's form of judgment should be used. The trial court made some minor edits to plaintiff's form of judgment by striking and adding some text. Although those edits create some uncertainty, it appears that the final judgment permits plaintiff to at least request his costs and disbursements in the Washington County case. Indeed, the stipulated judgment that was ultimately submitted in that case clearly provided plaintiff a right to seek costs and disbursements.

Later, in the Multnomah County litigation, the trial court ordered defendant to pay plaintiff a $5,000 enhanced prevailing party fee. The court entered a supplemental judgment awarding that fee.

Defendant now appeals from both the general and supplemental judgments. Defendant first assigns error to the trial court's approval of plaintiff's proposed stipulated judgment, solely to the extent that it provides plaintiff a right to seek costs and disbursements in the Washington County case.[2] Defendant next assigns error to the trial court's award of an enhanced $5,000 prevailing party fee to plaintiff for prevailing in this action.

As to his first assignment of error, defendant contends that it was error for the trial court to direct entry of a stipulated judgment that provided plaintiff with a right to pursue costs and disbursements, because there is no evidence that the parties' settlement agreement provided that right. We agree. There is no evidence in the record that the parties' settlement included a right for plaintiff to seek costs and disbursements on top of the $10,000 that plaintiff received. The parties' settlement provided that plaintiff would receive a judgment of $10,000 against defendant with payment to be made by certified funds within 30 days. There is no mention of plaintiff's right to receive or even pursue costs and disbursements on top of the $10,000 payment. As a result, the trial court erred in directing that the stipulated judgment include plaintiff's right to seek costs and disbursements. Any corrected order and judgment in

---

[2] Defendant does not raise any issues regarding whether the Multnomah County Circuit Court could direct a judgment be entered in Washington County Circuit Court. We assume, without deciding, that the judgment could at least direct the parties to enter a stipulated judgment in another court.

this case should not provide plaintiff with a right to pursue costs and disbursements in the Washington County case.[3]

In defendant's second assignment of error, defendant contends that the trial court erred in entering a supplemental judgment that awarded plaintiff an enhanced prevailing party fee of $5,000 under ORS 20.190(3). Because we reverse the underlying general judgment, we also reverse the award of an enhanced prevailing party fee in the supplemental judgment. *See* ORS 20.220(3)(a) (stating that, if the court reverses a judgment to which an award of fees or costs is attached, the award of fees or costs "shall be deemed reversed"). We do not otherwise reach defendant's legal arguments as to the enhanced prevailing party fee. We note, however, that the trial court's award, at a minimum, appears to be based on a misunderstanding of the facts that transpired between the parties in attempting to resolve this case.

General judgment reversed and remanded; supplemental judgment reversed.

---

[3] Defendant also contends that "the Washington County stipulated judgment and any award of costs, disbursements, or prevailing party fees in that case should be vacated." Only the Multnomah County Circuit Court judgment is before us in this appeal, and although our reversal of it may ultimately accomplish defendant's desired result, the Washington County Circuit Court judgment is not before us in this appeal.